# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN MANGEL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF POTEET, TEXAS, and | § | SA-09-CV-0401 XR |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The purpose of this order is to direct plaintiff Ruben Mangel to show cause why this case should not be dismissed for lack of jurisdiction.[1] Previously, I prepared a report and recommendation, recommending dismissal of this case under 28 U.S.C. § 1915(e).[2] That provision provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[3] Mangel, however, paid the filing fee before the district judge considered the report and recommendation. Because Mangel paid the filing fee, the clerk filed Mangel's notice of

---

[1] "Jurisdiction defines the powers of courts to inquire into facts, apply the law, make decisions, and declare judgment." BLACK'S LAW DICTIONARY 853 (6th ed. 1990).

[2] Docket entry # 4.

[3] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Fed. R. Civ. P. 12(b)(6)).

removal.[4] Since that time, the district judge referred the case to me.[5]

"A federal court is a court of limited jurisdiction, and it is always incumbent on a district court to determine jurisdiction in every case."[6] In considering Mangel's notice of removal, I observed no basis for federal court jurisdiction over the cases Mangel seeks to remove. I explained why no basis exists for subject matter jurisdiction in my report and recommendation. The federal district court has no jurisdiction over the state-court judgment in Cause No. 03-07-0177-CRA, 81st Judicial District, Atascosa County, Texas, because Mangel applied for federal habeas relief without exhausting his state remedies. The federal district court has no jurisdiction over Cause No. 2009-CI-08069, 408th Judicial District, Bexar County, Texas, because only defendants may remove a case and the defendant did not remove the case. The federal district court has no jurisdiction over Cause No. 09-05-0367-CVA, 81st Judicial District, Atascosa County, Texas, for the same reason—the defendant did not remove the case. The federal district court has no jurisdiction over Mangel's request to expunge his criminal record because expunction of a state-court criminal record is a state remedy. Because Mangel did not respond to the report and recommendation, Mangel has not addressed jurisdiction.

To obtain a response, I ORDER Mangel to respond to this order in writing not later than July 14, 2009 and explain why this case should not dismissed for lack of jurisdiction. In

---

[4] Docket entry # 9.

[5] Docket entry # 15.

[6] *Banihashemrad v. Lufthansa Cargo AG*, 28 F. Supp. 2d 1014, 1016 (W.D. Tex. 1998). *See Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir. 1990) (explaining that a court must consider the existence of subject matter jurisdiction even if the parties have not questioned jurisdiction).

responding to this order, Mangel should be mindful of the deficiencies discussed in my report and recommendation. If Mangel fails to respond to this order by July 14, 2009, I will recommend to the district judge that this case be dismissed for failure to comply with a court order, for failure to prosecute,[7] and/or lack of jurisdiction.

**SIGNED** on June 29, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").