UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN MANGEL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF POTEET, TEXAS, and | § | SA-09-CV-0401 XR |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

TO: Honorable Xavier Rodriguez
United States District Judge

This report and recommendation recommends dismissal of this case. Previously, I prepared a report and recommendation, recommending dismissal of this case under 28 U.S.C. § 1915(e). That statute provides for *sua sponte* dismissal of an in forma pauperis proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[1] Mangel, however, paid the filing fee before the district judge considered the report and recommendation. After Mangel paid the filing fee, the clerk filed Mangel's notice

---

[1] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Fed. R. Civ. P. 12(b)(6)).

of removal.[2] The district judge then referred the case to me.[3]

Once Mangel paid the filing fee, the procedure under 28 U.S.C. § 1915(e) no longer applied. Because I still questioned whether jurisdiction existed in this case, I issued a show cause order, explaining why jurisdiction does not exist in this case and directing Mangel to respond.[4] Mangel responded, but his response was as vague as his initial pleadings. The response, however, makes it clear that Mangel seeks the court's review of his state-court conviction in Cause No. 03-07-0177-CRA, 81st Judicial District, Atascosa County, Texas. I explained why the court has no jurisdiction to consider Mangel's state-court conviction in my first report and recommendation: The federal district court has no jurisdiction over the state-court judgment in Cause No. 03-07-0177-CRA because Mangel applied for federal habeas relief without exhausting his state remedies. In addition, the federal district court has no jurisdiction over Mangel's request to expunge his state-court conviction because expunction of a state-court criminal record is a state remedy.

To the extent Mangel seeks to remove the other cases referred to in his initial pleadings—Cause No. 2009-CI-08069, 408th Judicial District, Bexar County, Texas, and Cause No. 09-05-0367-CVA, 81st Judicial District, Atascosa County, Texas—the federal court has no jurisdiction over the cases because only defendants may remove a case and the defendants did not remove the cases. Consequently, I stand by the recommendation in my first report and recommendation.

---

[2] Docket entry # 9.

[3] Docket entry # 15.

[4] Docket entry # 17.

**Recommendation**. Mangel's pleadings in this case reflect he perceives certain injustices at the hands of local authorities,[5] but he has shown no basis for federal court jurisdiction to address his concerns. For that reason, I recommend dismissal of this case. Mangel characterized this lawsuit as a removal action, but did not identify a case for removal. Because Mangel did not identify a case for removal, there is no case for the district court to remand. I recommend the district court construe Mangel's initial pleading as a proposed complaint and DISMISS the case for lack of jurisdiction.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[6] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de*

---

[5] *See* docket entry # 14 (asking for a psychological mental examination of Chief Dominguez); # 19 (seeking a polygraph examination of Chief Dominguez); & # 21 (seeking termination of Chief Dominguez's employment).

[6] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

*novo* determination by the district court.[7]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[8]

**SIGNED** on July 10, 2009.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).